Wheeler, J.
It is objected that the court attached to the first instruction aslced by the defendant a qualification.
Tiie proposition embraced in this instruction had been distinctly given by tiie court in tiie first branch of tiie general charge. The court, however, gave it as asked, but added the qualification embraced in the general charge; that is, tiie judge in effect said to tiie jury tiie instruction asked is true, and you are so to receive it, hut you are to consider .it in connection with tiie charge previously given you oil this subject. In this there was no error. It was in accordance witli every day’s practice. It is true that it is tiie duty of the court to respond directly to the questions of law propounded by tiie parties, and so the court did in this instance. Tiie judge gave the instruction as asked. It surely requires no argument to show that he liad the right to give such other instructions as might be proper to qualify or explain those given and to present tiie law of tiie case clearly and truly to the apprehension of tiie jury. Undoubtedly the counsel for the defendant had the right to have their proposition laid before tiie jury; but they had not tiie right t,o restrict the instructions of the court to that proposition, nor can they object that the court gave it with such qualifications and further instructions as were necessary to prevent the jury from being misled by tiie terms and form of the proposition. Otherwise it. would be in tiie power of counsel constantly to mislead by placing before tiie jury propositions which, though true in tiie abstract, may iiave but a partial application to the case, and, unaccompanied by snub qualifications or explanations as might he necessary to their proper application to the facts, would be calculated to give the minds of the jury a wrong bias and direction.
The remaining instruction asked by the defendant had also been given in substance in tiie general charge, and in a form quite as favorable to the defend-as under the evidence lie had a right to ask. And when it was repeated, in such terms as implied that there was evidence before the jury from which they might find that certain “amounts” had been paid “in cash or property,” tiie court did not err in refusing the instruction. There was no evidence of tiie payment of any particular “amounts,” either in cash or property. The de- *216 fondant having pleaded payment, the burden of proof rested with him to establish the truth of his plea by evidence of payment. lie had no right to ¡i<k the jury to baso a finding in his favor on conjecture ; and tiiis was what was meant by tile last part of the general charge given by the court. If the jury did believe, as well they might and as the fact doubtless was, that it was a puit of the agreement of the parties that the defendant should pay the attorney’s fee, there being no evidence respecting the amount of the fee, it was ieft uncertain what amount was discharged in land. It was the debt less the attorney’s fee; but without proof of what that was, there was no evidence before*the jury from which they could ascertain the credit to whicli the defendant was entitled. It was left to rest in conjecture. And it is very clear that the jury were not. at liberty to supply by conjecture the absence of proof. A party can only recover according to his allegations and his proofs.
In respect to the instruction given at the instance of the plaintiff, it will suffice to say that an attorney has a general lien for his professional dues upon the papers of his client in his hands, and moneys collected in his possession ; and if this was what was meant by the instruction given, it was true as a legal proposition. But if it was intended to say that, except as to costs, an attorney has alien for professional services generally on the debt in the hands of the debtor before the money has been recovered by him, it was a mistake, (note 77,) hut one which could scarcely have influenced the verdict in this ease. That verdict, evidently, was occasioned by the evidence of an express agreement bj the defendant to pay for the services of the attorney, and the absence of any evidence to show what amount of the debt had been otherwise satisfied.
The remark of the judge, made in answer to the defendant’s counsel and in hearing of the jury, as it is presented by the record, does seem objectionable, as indicating an opinion upon the weight of evidence. And had there been evidence from which the jury could have ascertained with certainty the payment of any particular amount, it would perhaps, unexplained, have authorized a reversal of the judgment. The judge, however, had previously submitted to the jury the question of fact in his general charge, which seems to have been correct, and to have embraced all the points upon which it was material that the jury should have been instructed. And if the observations of counsel, to which the remark in question was an .answer, liad been presented by the record in their connection with it, the propriety of the remark might appear in a very different light.
The plaintiff excepted to the plea of payment, hut his exception was overruled, and rightly. To constitute a valid plea of payment it was not necessary that tliero should have been filed with the plea a bill of particulars, showing “items” of payment. (Wells v. Fairbank, decided at Galveston, 1831, 5 Tex. R., 582.) Proof of the payment of the debt in money would have been admissible under the plea; and would certainly have constituted a valid defense. But when evidence was offered of payment in lands, if the plaintiff had objected to its introduction his objection most have beensustained and the evidence excluded, for that was not the character of the payment pleaded. The testimony however was permitted to go to the jury without.objection.
Upon the whole we conclude that the defendant did not establish the truth of his plea by evidence which, in strictness, entitled him to a verdict, however the court might have ruled upon the questions of law presented. The amount now in controversy is very inconsiderable. There is no reason to apprehend that substantial justice has not been done between the parties. It is by no means clear that any principle of law lias been violated to the Injury of the appellant. If a now trial was directed it is not probable that it would be attended with a materially different result, or that any benefit would thereby accrue to either party. And finally, it is perhaps better that an end be put to litigation respecting- so very small matters than that trivial and unimportant errors should he made the subject of revision with critical severity, *217 where no material benefit nan reasonably be expected to result, and there is no essential principle of justice or law involved to be vindicated.
Note 76.—Holliman v. Rogers, arte, 91.
Kote 77.—Casey v. March, 30 T., 180; Whittaker v. Clarke, 33 T., 647; Randolph v. Randolph, 84 T., 181.
We are of opinion that the judgment be affirmed.
Judgment affirmed.