## WELLS AND WIFE V. COCKRUM.

Where the husband and wife sued on a note payable to the wife, and the question was whether the statute of limitations ran it such a case, the Court said, This might be a question of some difficulty, perhaps, if the note were the separate property of the wife, or if given on a consideration springing from her exclusively.

Where a note is payable to the wife, the presumption is that it is community property, subject to the disposition of the husband, and to suit for its recovery by him and for his own benefit or that of the community, without the consent of the wife asked or given. Of course there can be no question that the statute would run against a contract of this description.

Where the note sued on appeared to be barred by the statute of limitations, and the statute was pleaded, and there was no allegation of fact by the plaintiff to take the case out of the statute, it was held that the Court below did not err in excluding the note from the jury.

Appeal from Freestone. Suit by the appellants against the appellee, commenced Oct. 21, 1853, on an instrument in writing to pay a certain amount to the wife in work such as she might direct, on the place where she then lived. The instrument was dated March 27, 1849, and was payable on or before the first day of September next thereafter. The instrument sued on was filed with the petitioner. On the trial the Court excluded the instrument; the plaintiff thereupon took a non-suit, and afterwards moved to set it aside, which motion was overruled.

HEMPHILL, CH. J. The only question in this case of any importance, is whether the note or agreement was barred by the statute of limitations. More than four years had elapsed from the maturing of the contaact; but the appellants contend that the promise having been made to a *feme covert*, there was no bar—the statute being inoperative against married women.

This might be a question of some difficulty, perhaps, if the

note were the separate property of the wife, or if given on a consideration springing from her exclusively. But there was no allegation or proof that the note was her individual property.

It was made to the appellant Eliza Jane after her marriage, and the presumption is, (there being no proof to the contrary,) that it formed a portion of the common property, (10 Tex. R. 207,) subject to the disposition of the husband, and to suit for its recovery by him and for his own benefit or that of the community, without the consent of the wife asked or given. Of course there can be no question that the statute would run against a contract of this description, and consequently there was no error in excluding this note from the consideration of the jury.

Judgment affirmed.