## C. S. TALIAFERRO V. W. H. CUNDIFF.

1: It is the duty of the court to construe all written instruments used as evidence, or counted upon as securing a right or furnishing a remedy.

2. But in this action to recover the value of some twenty bales of cotton, a written instrument was maintained by the plaintiff to be a bill of sale of the cotton, while the defendant contended that it was only a collateral security for a debt. The jury were directed by the court below to consider the instrument in connection with the other evidence adduced, and to determine therefrom what was the intention of the parties. *Held*, that the question involved was one of fact as much as of law, and that there was no impropriety in thus submitting it to the jury.

3. Nice questions of law and fact often become blended, and when the jury has correctly determined the facts, and has not misconceived the law applicable to them, there is no error to be complained of, and the judgment will not be disturbed.

APPEAL from Houston. Tried below before the Hon. Samuel L. Earle.

This suit was in the nature of an action of trover, and was brought by Taliaferro to the Spring term, 1866, of Houston District Court, to recover of Cundiff the value of twenty-two bales of cotton, alleged to have been the property of the plaintiff, and to have been taken and converted by the defendant to his own use.

There was no dispute of the fact that Cundiff had removed and sold the cotton in question, but he justified himself on the ground that it was the property of the estate of Jesse Duren, deceased, of which he was the administrator.

Taliaferro, the plaintiff, claimed to be the holder and owner, by assignment, of the following instrument, which he introduced as part of his evidence:

" Received, May 19, 1860, from Wm. J. Meadows, sixteen hundred and fifty-four dollars, amount of my note, and interest thereon up to January 1, 1862, due him, for which I have this day

endorsed and delivered to him John C. Kennedy's note for two
thousand dollars, due January 1, 1862, with a credit thereon of
one hundred dollars, to be paid in cotron at eight cents per pound in
the bale.   Now, if the said cotton does not bring the above men-
tioned sum of sixteen hundred and fifty-four dollars, at the time
it becomes due, I agree to make up the deficiency; if said cotton
should bring more than said amount, then said Meadows agrees to
pay the surplus back to me.

   "(Signed)                          JESSE DUREN."

There was a good deal of evidence in relation to the dealings
between Duren and Meadows, out of which this instrument origi-
nated, but there seems no occasion to recapitulate it here.   Talia-
ferro, in the summer of 1865, during the "break up," got posses-
sion of twenty-four bales of the cotton due from Kennedy to
Duren, and Cundiff thereupon removed and disposed of the re-
mainder, and was now sued by Taliaferro for its value.

The court below, in its instructions to the jury, directed them
to determine the intentions of the parties to the original instru-
ment, from its terms and the other evidence; and if they found
that there was a sale of the cotton by Duren to Meadows, they
should find for the plaintiff, but if the instrument was a mere col-
lateral to secure the payment of Duren's debt to Meadows, then
they should find for the defendant.

A general verdict for the defendant was returned.   In moving
for a new trial, the plaintiff assigned as error that the written in-
strument was not construed by the court.

*Wm. M. Taylor*, for the plaintiff in error.

*George F. Moore*, for the defendant in error.

WALKER, J.—The only assignment of error which the court
find it necessary to revise is the third; that the court erred in not

giving a legal construction to the paper referred to as exhibit A., but left it to the jury to determine the object and meaning of the parties from the paper itself.

It is certainly the duty of the court to construe all written instruments used as evidence in the progress of the cause, or counted on as securing a right or furnishing a remedy.

But here it was as much a question of fact as of law for the jury to determine the meaning of the parties from the contract itself, and it was not improperly left to the jury to determine the question of fact as witnessed by the written instrument.

We think the jury determined it correctly, and that there is no error of which the plaintiff can complain. Nice questions of law and fact will often blend themselves, and when the jury have determined the facts correctly, and have not misconceived their application to the law, the courts are relieved from the necessity of explaining the legal principles involved.

The judgment of the district court is affirmed.

Affirmed.