## A. S. KOTWITZ v. W. B. WRIGHT.

1. Defendant, being sued for debt, answered that he was an attorney, and as such had been employed by the plaintiff to prosecute suits and collect money, and to render his professional services generally to the plaintiff, and that from the year 1858 until the year 1863, he did so prosecute suits and collect for the plaintiff ; and he pleaded in set-off his account therefor, one item of which was a charge in gross of three hundred and seventy dollars, for commissions on three thousand seven hundred dollars collected, without specification of other particulars. Plaintiff excepted to the answer, for uncertainty. *Held*, that the exception should have been sustained ; the set-off was not pleaded with the particularity required by Article 3444, Paschal's Digest.

2. Cash-books, or other books of occasional entries, are not admissible as evidence to establish items therein charged against other parties. The book of daily entries is admissible under proper circumstances, and with proper restrictions.

APPEAL from Red River.    Tried below before the Hon. A. H. Latimer.

The opinion of the court and the head-notes state the facts as definitely as they are disclosed in the transcript.

In the court below the appellee obtained verdict and judgment against the appellant, who was the plaintiff, for nearly a thousand dollars.

No brief for the appellant has reached the reporter.

*W. B. Wright*, for the appellee.

OGDEN, J.    There is no statement of facts in this record, to give this court the necessary information to form a correct judgment of many of the errors complained of.    There is, however, an error apparent on the face of the pleadings, which, in our opinion, must be held fatal to the judgment.    The appellee's plea in set-off and reconvention is certainly too indefinite and uncertain to entitle him to a judgment of the court on the

same. The answer sets up the fact, that from 1858 to 1863, the defendant below, as an attorney, did prosecute suits and collect moneys for the plaintiff, and for all these services he charges the plaintiff the round sum of three hundred and seventy dollars, without giving dates or specifying any particular sums of money collected, or suits prosecuted, so as to give the plaintiff notice of the character of any item of service for which he demands compensation.

Article 3444, Paschal's Digest, provides that, "In every action, in which a defendant shall desire to prove any payment or set-off, he shall file, with his plea, an account, stating distinctly the nature of such payment or set-off, and the several items thereof, and on failure to do so he shall not be entitled to prove before the jury such payment or set-off, unless the same be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof." The answer of the defendant below wholly failed to comply with this article of the statute, and for this reason the same was demurrable. But the plaintiff's demurrer was overruled by the court, and the defendant permitted to prove by his own testimony the account thus stated, and the proof, as shown by the bill of exceptions, was as vague and uncertain as the plea and the account set out. This was most clearly in direct violation of the express terms of the statute, and for which the judgment must be reversed.

There is another error in the judgment of the court, in the refusal to give the second instruction asked by the plaintiff. The cash-book of one party is not admissible to prove the items therein entered or charged against another. The book of daily entries, under proper circumstances, and with proper restrictions, may be used in evidence; but it is believed the rule has never been extended to the admission of memoranda, or cash-books, or other books of occasional entry, without proof of the correctness of the items therein entered. For the reasons above stated, the judgment of the District Court is reversed, and the cause remanded.

Reversed and remanded.