E. J. VANCE V. PHIL. CLAIBORNE.

When the plea of part payment in a suit on note is so indefinite that it cannot be determined whether the pleader intended to set it up as a part payment of the note, or a part payment of the original indebtedness before the execution of the note, no evidence should be admitted under the plea.

APPEAL from Bastrop.   Tried below before the Hon.
J. P. Richardson.

*Chandler, Carleton & Robertson*, for appellant, in-
·sisted that the judgment should be reversed on account
·of the ruling of the court below admitting evidence of
:payment which was not set forth in appellee's pleading
·with certainty, either as to time or amount, and cited
Wells v. Fairbank, 5 Texas, 584; Able v. Lee, 6 Texas,
·431; Holliman v. Rogers, 6 Texas, 91; Yale v. Ward, 30
Texas, 17; Whitlock v. Castro, 22 Texas, 109; Hall v.
Jones & Jackson, 3 Texas, 305; Chrisman v. Miller, 15
'Texas, 160; Dawson v. League, 16 Texas, 407.   Also that
·the judgment was not authorized under the evidence, be-
cause if appellee were allowed all the credits claimed
there would still be due on the note $516.64.

'OGDEN, P. J.—This suit was brought by appellant
·upon a certain promissory note, executed by appellee in
1861.   Upon the note were several credits indorsed, and
were admitted by the plaintiff as partial payments.   The
defendant below attempted to plead other payments and
offsets, which, if well pleaded and proven, would have
greatly reduced the amount due on the note.   But some
of those offsets were too indefinitely and vaguely pleaded
to authorize the admission of any proof in their support.
We, therefore, are of the opinion that under the pleadings
the court erred in overruling the objection to the introduc-
tion of any proof as to the Guy note and the claim for
commissions.   These items were so indefinitely pleaded
it is impossible to detemine whether the pleader intended
to set them out as part payment of the note or as part
payment of the original indebtedness before the execution
·of the note.   And we here remark that the evidence as to
these two items, though erroneously admitted under the

defective pleading, has failed to throw much light on the facts of the case and has left them in great doubt and uncertainty, and in consequence it would not be a matter of surprise if the jury were confused and misled in their verdict.

But admitting that every item which was attempted to be set up as an offset or payment was well pleaded and that the proof fully sustained the plea, and giving credit for all payments admitted by the plaintiff below, and all claimed by the defendant, still there is due and unpaid on the note several hundred dollars, while the verdict and judgment is for the defendant.

This judgment under the pleadings and proof cannot possibly be correct, and the court erred in overruling the motion for a new trial. The judgment is therefore reversed and the cause remanded.

REVERSED AND REMANDED.