## E. J. VANCE, ADMINISTRATOR, v. PHIL. CLAIBORNE.

SUPREME COURT, AUSTIN TERM, 1882.

*Evidence—Practice.*—Objection to the form in which an offset is presented should be disposed of on exceptions, so that the defendant might have the privilege of amending his answer in that particular.

*Verdict contrary to evidence.*—Where the judgment below is clearly for an amount less than called for by the evidence, the cause will be reversed and remanded.

Appeal from the District Court of Bastrop county.—*Statement.*— This is the second appeal of this case. The disposition of the former appeal is reported in 39 Texas, 398. A partial statement of the case will be found in the opinion of the court.

After the case was remanded, Claiborne filed an amended answer, more certainly and specifically setting up the Gay note as an offset, also pleading other matters of discount, etc. The credits that were admitted, and about which there was no controversy, are as follows: August 22, 1861, $150; February 22, 1866, $500; September 3, 1866, $25; September 25, 1868, $100.

The only other item of discount about which there was any evidence adduced was the Gay note or claim.

The note sued on was for $1141.50, dated February 25, 1861, bearing interest from date, at the rate of 12 per cent per annum.

A trial was had November 23, 1875, and a verdict and judgment in favor of appellant for $195.62 was the result. The errors relied on for a reversal, are these:

1. The court erred in admitting evidence, as shown by bill of exception.

2. The verdict and judgment is against the evidence, being for a much smaller amount than was shown to be owing appellant at the time.

Opinion by Watts, J.—When this case was before the Supreme Court in 1873, it was held that the plea of Claiborne, setting up the Gay note as an offset, was not sufficient to entitle him to introduce evidence in support of it, and as the court below had admitted evidence in support of that offset, the judgment of the court below was reversed, and the cause remanded. (Vance v. Claiborne, 39 Texas, 398.)

After the cause was remanded, Claiborne filed an amended answer, obviating the objection to the manner in which this offset was asserted in his former answer.

On the second trial appellant objected to the admission of evidence in support of this portion of appellee's answer, which objection was overruled and the evidence allow to go to the jury. That point was saved by bill of exceptions, and is now urged as ground for the reversal of the judgment.

This court has repeatedly held that any objection to the form in which an offset is presented should be disposed of on exceptions, so that the defendant might have the privilege of amending his answer in that particular. (Gaines v. Salmon, 16 Texas, 313; Cunningham v. Wheatly, 21 Texas, 185.)

The amended answer presenting this offset is sufficient to admit evidence in support of it, and the court did not err in overruling the objection of appellant to the evidence introduced by appellee.

An examination of the record shows that by giving the evidence the most favorable construction for the appellee, then the judgment is too small by at least one hundred dollars.

In his last deposition, Gay testifies that he only owed Claiborne $400.50, and that he thinks it was an account, and that subsequent to the execution of the note sued on, he executed his note to Vance for the amount, and paid the same to the administratrix in 1868. If that testimony is to be taken as true, then the difference between the amount found by the jury and that shown by the evidence to be due the appellant, would be considerably augmented over the amount indicated above. That difference resulted from the calculation, based upon the extreme theory, barely sustained by the evidence, that the Gay debt to Claiborne was for $450.50, evidenced by a note, bearing interest at the rate of 10 per cent per annum from 1857.

But in any view of the cause, the most favorable construction that can be given to the evidence under the answer shows that the verdict and judgment is for an amount much too small, and is, in that respect, contrary to the evidence.

The judgment ought to be reversed and the cause remanded.

Report of Commissioners of Appeals examined, their opinion adopted, and judgment reversed and cause remanded.—GOULD, C. J.