[Civil No. 1446.   Filed June 1, 1915.]

[149 Pac. 58.]

## H. W. ROUNTREE, Appellant, v. T. N. CLANTON, Appellee.

1. BILLS AND NOTES—PLEADING—PAYMENT.—The defense of payment of a note is a special one, which must be specifically pleaded to be relied upon.

2. BILLS AND NOTES—ACTIONS—PLEADING—PAYMENT—SUFFICIENCY.— The complaint alleged a note had not been paid. The answer averred that if the note ever was executed and delivered it had been fully paid and discharged. Civil Code of 1913, paragraph 419, declares that an answer shall consist of a concise statement of facts constituting a defense. Paragraph 483 declares that if defendant desires to prove any payment it shall be plainly described. *Held,* that the averment of payment was not a concise statement of the nature of the defense, but was a mere allegation of the conclusion, and evidence of payment was not admissible.

[As to necessity for pleading payment as defense to action for existing balance, see note in Ann. Cas. 1912B, 487.]

APPEAL from a judgment of the Superior Court·of the County of Maricopa. J. C. Phillips, Judge. Reversed and remanded.

Messrs. Sloan & Westervelt, for Appellant.

Messrs. Hayes & Laney, for Appellee.

.CUNNINGHAM, J.—The appellant as plaintiff commenced this action May 22, 1913, upon the following negotiable instrument:·

"$468.75.                                    September 25, 1911.

"On or before sixty days after date for value received, I promise to pay to the order of myself the sum of four·hundred sixty-eight and 75-100 dollars with interest at the rate of 6 per cent per annum from date until paid.   Payable at Valley Bank of Phoenix, Ariz.

"T. N. CLANTON."

Indorsed on the back as follows, "T. N. Clanton."

Plaintiff alleges that the note was presented for payment at maturity, and payment demanded, but defendant failed and refused to pay the same; that the plaintiff is the legal owner and holder of said note, and there is due, owing and unpaid ·the said principal sum and interest at the said rate from date.

The only contested fact at the trial was the fact of payment, and the evidence offered by the defendant·and allowed by the court was offered and received upon the theory that the fact of payment was placed in issue by the pleadings. This the plaintiff consistently ·denied.   All evidence tending to prove payment was admitted over the objection of the plaintiff, and plaintiff now assigns error; the jury having returned a verdict for the defendant, and judgment having been ·rendered in accordance with the verdict.

The averments treated by the court and the defendant as raising the issue of payment·are contained in paragraph 3 of the answer.   Paragraph 3 is as follows:

"Answering paragraph numbered 3 of the plaintiff's complaint, the defendant alleges that, if the promissory note pleaded in the ·plaintiff's complaint ever was executed and delivered, the said alleged note has been fully paid by the defendant and discharged."

Paragraph 3 of the complaint alleges that no part of ·the sum, principal and interest, promised to be paid, has been paid, though payment thereof has been duly demanded.   The answer is clearly evasive, alleging that "if" the note was executed and delivered it has been paid.   Paragraph 419, Civil Code of 1913, re-enacting paragraph 1277, Revised Statutes of Arizona of 1901, provides that:

"The pleadings shall consist of a concise statement of the facts constituting the plaintiff's cause of action or the defendant's ground of defense."

Clearly, the answer is not a concise statement of facts constituting the defendant's grounds of defense. At most, it is in effect a conditional denial of one specific paragraph of the complaint. The defense of payment is new matter and a special affirmative defense, and, if relied upon, must be pleaded specially.

A conditional denial of indebtedness on the note "if the note was executed and delivered" cannot be said to be a concise statement of the facts constituting defendant's grounds of defense. It is a concise statement of the nature of the defense defendant relies upon; that is, he states that he relies upon payment as a defense, but he fails to make a concise statement of the facts upon which he relies as constituting payment. That our system of pleading requires a defendant to state the facts, not the evidence, relied upon as a special defense, there can be no doubt from the wording of paragraph 419, *supra.* The legislature has not been content with such a general statement of the rule governing the pleadings of the parties when the defense of payment, counterclaim or setoff are involved, and, to avoid uncertainty in respect to setting up such defenses, paragraph 483 of the Civil Code of 1913, a re-enactment of paragraph 1366 of the Revised Statutes of Arizona of 1901, has been carried forward from the 1887 Revised Statutes of Arizona, implying a penalty for a failure to observe the requirements, *supra.* Paragraph 483, *supra,* is as follows:

"If the defendant desire to prove any payment, counterclaim or setoff, the same shall be plainly and particularly described in the answer, so as to give the plaintiff full notice thereof."

From this the court must presume that, when defendant has failed to plainly and particularly describe his defense so as to give plaintiff full notice, he does not desire to prove payment as a defense. To allege that the note has been paid in full by the defendant, and discharged, is nothing more than an allegation of a conclusion from some unstated facts known perhaps only to the party pleading, and gives the plaintiff no notice of the facts defendant relies upon as constituting

payment and discharge, and paves no way for the introduction of evidence other than direct payment of money in due course in support of such defense. Plaintiff could not be expected to meet other facts by evidence.

Paragraph 483, *supra,* was doubtless modeled after article 1266 of Sayles' Texas Civil Statutes, reading as follows:

"In every action in which a defendant shall desire to prove any payment, counterclaim or setoff, he shall file with his plea an account stating distinctly the nature of such payment, counterclaim or setoff, and the several items thereof; and on failure to do so he shall not be entitled to prove the same unless it be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof."

This language was construed and applied, in a number of early Texas cases (*Holliman* v. *Rogers,* 6 Tex. 91; *Able* v. *Lee,* 6 Tex. 427; *Wells* v. *Fairbank,* 5 Tex. 581; *Hahn* v. *Broussard,* 3 Tex. Civ. App. 481, 23 S. W. 88), to have reference to matters of partial payments, and not to payment in money in full and discharge thereby. Such is the clear meaning of the Texas statute, but, while ours is modeled after that statute, the language in the Texas statute justifying such application as given it by the Texas courts is absent from paragraph 483, *supra,* and therefore the Texas cases are not pertinent as authority for the same application to be given to our statute. The Arizona statute requires the defendant to plainly and particularly describe in his answer any payment he desires to prove, "so as to give the plaintiff full notice thereof." This the defendant has clearly failed to do, and hence he must be held to be precluded from offering proof of payment, because the issue of payment was not involved in the absence of a sufficient pleading. The court erred in admitting the evidence complained of, and for that reason the judgment must be reversed. The cause is remanded for a new trial, with instructions that the defendant be granted permission to amend his answer, if he can and desires to do so, and take further proceedings according to law.

Reversed and remanded.

ROSS, C. J., and FRANKLIN, J., concur.