## LAMM & CO. et al. v. BRANNON.*
### (No. 8651.)

(Court of Civil Appeals of Texas. Dallas. June 24, 1922. Rehearing Denied Oct. 14, 1922.)

1. **Sales ⪜476—Specific performance ⪜15—Exercise of option to purchase personalty in lease contract held to vest title without conveyance.**

Where a lease contract covering certain machinery and fixtures gave lessee an option to purchase during the term of the lease for a certain sum, with credit for amount paid under the lease, and 8 per cent. interest on the unpaid balance, upon exercise of the option and compliance with its terms, title automatically vested in lessee without execution of any conveyance, and merged with lessee's existing possession, so that he could not maintain a suit to specifically enforce the contract.

2. **Sales ⪜476—Refusal to execute bill of sale held not breach of lease of personalty including option to purchase.**

Where a lease contract gave lessees option of purchasing the machinery leased for a certain amount, payments on the lease to be credited, and such option was exercised, and the conditions thereof complied with, lessor's refusal to execute a bill of sale held not a breach of the contract; a conveyance of title or delivery of possession being unnecessary.

3. **Pleading ⪜218(4)—Cross-action properly determinable, although plaintiff's petition subject to general demurrer.**

Where a lessee after exercising an option of purchase in a lease sued for specific performance, and lessor filed a cross-action for rent, that lessee's petition was subject to general demurrer did not affect lessor's right to have cross-action determined, in view of Rev. St. 1911, art. 1955.

4. **Pleading ⪜150—Payment and tender to be specially pleaded by plaintiff becoming in fact defendant in cross-action.**

Under a lease contract giving lessee option to purchase and to apply payments made under the lease to the purchase price, in a suit by lessee for specific performance, wherein the lessor filed a cross-action for rent, lessee should have specially pleaded payments made under the lease and tender of the balance due in order to make the evidence establishing such facts admissible as a matter of course; the lessee becoming defendant within Rev. St. 1911, art. 1907, and article 1828.

5. **Appeal and error ⪜842(9)—Findings as to construction of contract supported by evidence binding on appeal.**

Where a contract was ambiguous and it was necessary to resort to parol evidence to explain its terms, its construction was one of mixed law and fact for the jury, or for the court trying the case without a jury, and the findings in either event, when supported by sufficient evidence, are binding on the appellate court.

---

**6. Sales ⚸469—Lease contract of personalty, including option to purchase, construed.**

A lease contract covering certain machinery giving lessee the option of purchasing during the term for a fixed consideration, payments under the lease to be applied as a credit, and 8 per cent. interest on the unpaid balance then due to be paid to the lessor, *held* not uncertain, but to give the lessee the right to acquire at any time during the contract the property described for the stated consideration, and all payments should be applied as a credit; any balance on such stated price remaining unpaid at the time of exercising the option to be paid with interest at 8 per cent. from the date of the contract.

Error from District Court, Dallas County; E. A. Muse, Judge.

Suit by V. J. Brannon against Lamm & Co. and others, to enforce specific performance of a contract, and in the alternative for damages for its breach, with cross-action by defendants. Judgment for plaintiff vesting title in him, and for defendants on the cross-action, and defendants bring error. Affirmed.

W. J. Rutledge, Jr., of Dallas, for plaintiffs in error.

Thomas, Frank, Milam & Touchstone, of Dallas, for defendant in errror.

VAUGHAN, J. On a former day of the present term of this court an opinion was handed down in this cause, reversing the judgment of the trial court and rendering judgment for plaintiffs in error. In considering motion for rehearing filed by defendant in error we not only reviewed the appeal as presented by briefs of both parties, but carefully examined the record and statement of facts in connection therewith, and reached the conclusion that the disposition of the case made under our former opinion was erroneous. This error was in a measure due to the indifferent way in which the case was developed and presented by the briefs on which we relied; therefore, said former opinion is withdrawn, as same can serve no purpose in disposing of this appeal under the view we now take of the several questions presented. This suit was instituted on the 5th day of April, 1920, by defendant in error on the following contract:

"State of Texas, County of Dallas. This agreement this day entered into by and between B. M. Quigley, party of the first part, and G. T. Lundberg and V. J. Brannon, parties of the second part, all of Dallas county, Texas. witnesseth:

"1. That for and in consideration of the sum of two thousand one hundred sixty ($2,160.00) dollars, which sum is to be payable in installments of sixty ($60.00) dollars per month, party of the first part hereby leases to parties of the second part, for a term of three years, beginning April 1, 1916, and ending April 1, 1919, all of the machinery and fixtures belonging to him, now located in the building now owned by Mrs. Ernestine Cornettet, which building is known as No. 4310–12 Elm street, Dallas, Texas.

"2. In consideration of the agreement to lease said machinery to them, parties of the second part agree to pay therefor the sum of $2,160.00, in installments of $60.00 per month, the first installment due April 1, 1916, and an equal installment due on the first day of each month thereafter during the entire term of this lease contract.

"3. It is further understood and agreed that parties of the second part will procure insurance on said machinery for the full amount which can be obtained in any good and solvent fire insurance company, and that the policy of insurance so procured shall contain a loss payable clause in favor of party of the first part.

"4. Party of the first part hereby agrees and binds himself to permit parties of the second part to purchase the machinery above described, at any time during the term of this lease, and for the sum of twenty-five hundred ($2,-500.00) dollars, and to allow said parties credit on the purchase price, for the amount they have paid upon this lease—said parties of the second part agreeing that in the event of such purchase, they will pay party of the first part 8% interest on the unpaid balance then due.

"In testimony whereof, witness our hands this the 20th day of March, A. D. 1916."

Section 4 of said contract is the center of attraction in this controversy. Defendant in error's suit, based thereon, was to enforce the specific performance of said provision, and, in the alternative, to recover damages for the alleged breach of same. Defendant in error in his petition alleged, in part:

"That in accordance with the terms and provisions of said contract plaintiff took possession of said property and has paid defendants the sum of sixty ($60.00) dollars per month, beginning with the month of April, 1916, and has paid defendants under said contract the total sum of $2,160, and had duly made payment of that amount prior to the 31st day of March, 1919, and had on the 31st day of March, 1919, complied with all other provisions incumbent upon him by the terms of the contract.

"That on the 31st day of March, 1919, plaintiff informed defendants of his choice to then and there purchase the property hereinabove described in accordance with the terms and provisions set out in section 4, and presented and tendered to defendants at defendants' office the sum of $340, the balance of principal, and the sum of $81.60, as interest on said unpaid amount, or the total sum of $421.60 in lawful currency of the United States of America, and requested the defendants to execute and deliver to him a bill of sale, or other proper conveyance to said property; that thereupon defendants failed and refused to pass title of said property to plaintiff, and have failed and refused so to do ever since that date."

Defendant in error prayed that he have the judgment for specific performance of said

⚸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

contract, or, if that should be denied him, that then, on account of the breach of said contract, he have his damages in the sum of $9,160 and for general and special relief in law and in equity. In reply, plaintiffs in error plead that the contract sued on was ambiguous, and that, although it was susceptible of the interpretations which defendant in error sought to put upon it, and under which interpretations defendant in error sought relief, said contract, if interpreted in that way, would not express the true agreement of the parties, which was that, in event an option to purchase was exercised by defendant in error, the plaintiffs in error were to be paid the full sum of $2,500 as if it were a cash payment at the date the contract was originally executed. The plaintiff in error averred that it was entitled in accordance with the agreement made to $2,500 for the property, together with 8 per cent. interest on that amount during the period of time defendant in error had the use of the property, and that the true computation of the amount which was payable properly under the terms of the contract was to figure 8 per cent. interest on the entire purchase price, crediting the monthly payments as they were made. That such a contract as that was the only contract which was agreed to by the plaintiffs in error, and that unless the contract sued on was such a contract it did not express the true agreement between the parties, and was not the act or contract of the plaintiffs in error. Plaintiffs in error further averred that the contract sued on was executed through the agency of one F. H. Skingle, whose authority was express, as contained in letters and telegrams between B. M. Quigley and F. H. Skingle, and that defendant in error had knowledge of all of said instruments, and also had notice thereof. That such instruments did not authorize the execution of any contract except the one pleaded by plaintiffs in error, and that therefore, unless the contract sued on was such a contract, no agreement binding upon the plaintiffs in error was had, and the contract sued on was not binding upon them. Plaintiffs in error further pleaded that because of the ambiguity in the contract sued on with reference to the option, the court should look to the real agreement had between the parties, and should construe the contract in accordance with such agreement, or, if it could not be found that the parties reached an agreement, that no contract resulted, and that the plaintiffs in error, therefore, could not be held upon the writing alleged. Plaintiffs in error further averred that, because the defendant in error had not made a sufficient tender within the period of time required by the true agreement had between the parties, no liability resulted thereunder, and that they should be paid reasonable rent for said property during the period that

defendant in error had possession of the property, and should have judgment restoring to them the possession of their property or for its value. Defendant in error to this answer replied by general demurrer and general denial.

On the issues as above joined the case was tried before the court without a jury. Judgment was rendered in favor of defendant in error for the absolute possession and ownership of the property described in defendant in error's petition (being the same property described in said contract), vesting the title thereto in defendant in error, and in favor of plaintiffs in error for the sum of $421.60.

The court at the request of plaintiffs in error filed conclusions of fact and law, and by appropriate assignments of error same are before us for review and revision.

[1] By section 4 defendant in error, having succeeded to the rights of G. T. Lundberg, had the right to purchase the property described in said lease contract for the sum of $2,500 at any time during the term of said instrument. The possession of the property had been delivered. The price had been agreed upon. The application of the sums paid as rent under said lease as a credit on the purchase price was to be made on said option being exercised. The provision of section 4 automatically became enforced so as to vest title in defendant in error on his compliance with the provisions thereof, and it was not necessary that any character of conveyance should be executed in order to vest title to the property described in said lease contract in defendant in error. Therefore no cause of action existed for the purpose of enforcing the terms and provisions of said contract, in that, on complying with the provisions of same, defendant in error acquired full title, which became merged with his then existing possession, which only could have been disturbed by an unlawful act on the part of plaintiffs in error or by some character of suit filed involving plaintiffs in error's claim of title to and right of possession of said property.

[2] As to the second count, if under a liberal construction same may be so styled, to wit, for damages on account of an alleged breach of said contract, no character of breach was alleged, for in the allegations found in the pleadings of defendant in error a breach of contract on the part of plaintiffs in error is, not only not alleged, but shown to have never existed. The refusal to do something, to wit, to execute a bill of sale which was not necessary to convey title or to deliver possession which was already with defendant in error, would not constitute a breach of contract.

If the general demurrer found in the pleadings filed by plaintiffs in error had been presented and urged before the trial court, we feel safe in assuming that same would

have been sustained to said petition. The answer filed by plaintiffs in error to the petition filed by defendant in error, among other things, urged what may be termed a cross-action, by which plaintiffs in error claimed title to and the right to the possession of the property described in said lease contract, and also claimed the right to recover the rental value of said property at the rate of $60 per month from the termination of said lease contract. To this cross-action defendant in error replied by general demurrer and general denial. The issue thus formed was the only one properly before the court to be considered, to wit, assertion of title to and the right of possession of the property on the part of plaintiffs in error, and the general denial on the part of defendant in error amounting, not only to a denial of the title to and right of possession asserted by plaintiffs in error, but, in effect, to a claim of title to and right of possession of property thus involved.

[3] The fact that the original petition filed by defendant in error was subject to general demurrer could not in any respect militate against the legal effect of the cross-action pleaded by plaintiffs in error, as their right to have cause of action thus alleged determined did not depend upon said original petition presenting a good cause of action against plaintiffs in error. The defect in said petition had no more effect upon the right of the court to hear and determine said cross-action for affirmative relief than the taking of a nonsuit would have had if the petition had alleged a good cause of action. Rev. Stats. 1911, art. 1955; Burford, v. Burford (Tex. Civ. App.) 40 S. W. 602; Blunt v. Houston Oil Co. (Tex. Civ. App.) 146 S. W. 248; Bradford v. Hamilton, 7 Tex. 55.

[4] In order to establish the defense urged by defendant in error to the cross-action pleaded by plaintiffs in error, it was necessary for defendant in error to establish the payments made by him under said lease contract and the 'seasonable tender of the balance of the price contracted to be paid for the personal property involved. Under the rules of pleading applicable to such cases, said payments and tender should have been specially pleaded in order to make the evidence establishing such facts admissible as a matter of course. Rev. Stats. 1911, art. 1907. This article applied with equal force to the plaintiff in the original petition when he became defendant in the cross-action filed by plaintiffs in error, as defendant in error then became a "defendant" within the meaning of said article 1907, Rev. Stats. 1911, art. 1828; Wooley v. Bell (Tex. Civ. App.) 68 S. W. 72.

If the evidence when offered had been properly objected to, same no doubt would have been excluded, but, having been admitted without objection, was to be considered and given its due probative effect as if admitted under proper allegations.

From the evidence the trial court found that the following facts had been established:

"I find that on or before the first day of each month during the term of said contract the said Brannon paid to the defendants under said contract an installment of $60, and had paid, prior to the 26th day of March, 1919, the sum of $2,160 under said contract.

"I find that on or about March 26, 1919, V. J. Brannon notified the defendants that he would exercise the option given him in that contract for the purchase of the property described in the final judgment, and that he wanted to pay the balance due under said contract, which he stated to be the sum of $340 as principal, plus interest on that particular sum of money for the term beginning April 1, 1916, and ending March 31, 1919.

"I find that pursuant to said notification the said V. J. Brannon did legally tender to the defendants, Lamm & Co. and B. M. Quigley, on or about March 26, 1919, and within the three years provided in said option contract, the sum of $421.60, being $340 of principal, which, together with the $2,160 paid in installments went to make up the principal purchase price of $2,500 and $81.60, representing interest on the $340 from April 1, 1916, to March 31, 1919, whereupon the said Brannon demanded of said defendants that they comply with said contract.

"I find that F. H. Skingle was the agent of the defendants, B. M. Quigley and Lamm & Co., at the time the contract was executed, and that F. H. Skingle as such agent received his authority to handle said property orally from B. M. Quigley, and received his authority as to how to handle said property from written instruments consisting of letters and telegrams, which passed back and forth between the said Skingle and the said Quigley, pending negotiations for this contract; and that immediately after the execution of said contract the same was delivered to the defendants, Lamm & Co. and B. M. Quigley, who accepted payments thereon from the said V. J. Brannon for the term of three years, during which time they did not dispute the authority of Skingle in making the same."

[5] Even conceding, which we do not, that section 4 of said lease contract is ambiguous and it was necessary to resort to parol evidence to explain the terms of or intentions of the parties to same, its construction would cease to be one of law and become one of mixed law and fact, to be submitted to the jury under appropriate instructions, or to be determined by the court trying the case without the intervention of a jury. The findings, in either event being supported by sufficient evidence, would be equally binding upon this court. Taliaferro v. Cundiff, 33 Tex. 415; Alstin v. Cundiff, 52 Tex. 453; Taylor v. McNutt, 58 Tex. 73; Grimes v. Watkins, 59 Tex. 139; Ginnuth v. Blankenship & Blake Co. (Tex. Civ. App.) 28 S. W.

828; Ayres v. Herring (Tex. Civ. App.) 32 S. W. 1060.

[6] In the instant case the trial judge performed the functions of court and jury, and his findings in reference to said section 4, being sustained by ample evidence, cannot be disregarded by this court; and, even if ambiguous as claimed by plaintiffs in error, the construction placed upon said section in the light of the evidence determined said issue against the contentions of plaintiffs in error. However, on a careful study of said section, we have reached the conclusion that same is not doubtful or uncertain, but that its terms are clear of meaning and certain of purpose, to wit, that it was the purpose of the contracting parties that defendant in error should have the right to acquire at any time during the life of said contract the property therein described for the consideration of $2,500; that on exercising said option to purchase all payments made under said 'lease contract as rent should be applied as a credit on said sum of $2,500, and any balance of said $2,500 remaining unpaid at the time of exercising said option to be paid with interest thereon at the rate of 8 per cent. per annum from the date of said lease contract.

We believe the conclusion reached by the trial court is the correct disposition of the matters in controversy between the parties to the contract. Therefore the motion for rehearing is granted, and the former judgment entered by this court is set aside, and the judgment of the court below is affirmed.

Affirmed.