## COOPER et ux. v. IRVIN et ux.

No. 1720.

Court of Civil Appeals of Texas. Eastland.

Dec. 3, 1937.

Meade F. Griffin, of Plainview, for appellants.

Chandler & Chandler, of Stephenville, for appellees.

GRISSOM, Justice.

Appellants sued appellees on the third, fourth, and fifth notes of a series of five promissory vendor's lien notes, seeking to recover a judgment for the debt evidenced thereby, and to foreclose a lien on realty. The original petition was filed November 17, 1934. The notes were dated November 18, 1925. Notes Nos. 3 and 4 were each for the sum of $100 and note No. 5 was for $150. They were due and payable on or before November 18, 1928, 1929, and 1930, respectively. When the original petition was filed, appellants' then attorney instructed the clerk not to issue citation, stating appellees had agreed to waive citation. Citation issued January 24, 1935, and on February 4, 1935, appellees filed their answer. The answer contained pleas asserting payment of note No. 5 and that all of the notes were barred by the four-year statute of limitation. In answer to special issues submitted to the jury it found: (1) That appellees did not agree with appellants' attorney to waive service of citation; and (2) that note No. 5 had been paid. Judgment was rendered that appellants recover nothing against appellees.

The substance of appellees' plea of payment of Note No. 5 was that it had been fully paid by appellees before the filing of said suit. Said plea was excepted to because it was not "in proper legal form; that it is vague, indefinite and uncertain, and does not set forth with the particularity prescribed by statute, the time, manner, and form of payment, nor inform the plaintiff the facts sought to be proven. * * *" The exception was overruled. Under said plea of payment the appellees were permitted to introduce fourteen receipts bearing dates from June, 1928, until December, 1931, for amounts ranging from $10 to $25 each. Such evidence was objected to for the reason that there was "no proper pleading to support the introduction of the receipts, in that the plea of payment is not set out with particularity that is required by statute sufficient to give plaintiffs notice of what they expect to prove."

Article 2014, R.S.1925, provides: "When a defendant shall desire to prove payment, * * * he shall file with his plea an account stating distinctly the nature of such payment * * * and the several items thereof; failing to do so, he shall not be allowed to prove the same, unless it be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof."

If appellees had sought to prove payment of said note in money and at one time, under the authorities, it may have been admissible under said very general plea of payment. But where, as in this case, many payments were testified to covering a long period of time, by different means and in various amounts, we think the plain language of the statute requiring that the defendant who pleads payment "shall file with his plea an account stating distinctly the nature of such payment * * and the several items thereof," and that upon his failure to do so he should not be permitted to prove such payments "unless it be so plainly and particularly described in the plea as to give the plaintiff

full notice of the character thereof" are necessarily applicable. We understand the decisions to hold, in substance, that a pleading in which it is alleged generally that a note has been paid prior to the filing of suit is interpreted as an allegation of a lump sum payment in money. Clearly the statute provides that if there are several items they shall be stated. Some old decisions were distinguished and, we think, the correct rule, as applied to the facts of the instant case, laid down by Judge Williams in Hahn et al. v. Broussard et al., 3 Tex.Civ.App. 481, 23 S.W. 88, where, in discussing cases holding that a general plea of payment therein was sufficient, it was said: "In those cases there was a general allegation of payment; in the first case the time being given, and in the last the allegation being that the payment was made after the institution of the suit. The payment in each case was alleged as being made at one time, and in one amount; at least, the court treated the allegation as conveying that meaning. In Wells v. Fairbank, 5 Tex. 582, no exception was taken to the plea. Where, as in this case, the payment is made in installments, at different times, and under different circumstances, Rev.St.Art. 1266 [now article 2014] applies, and the plea should be more specific, as to dates and amounts of the sums paid. The payment consisting of different items, the opposite party should be put upon notice, by the plea, of the different installments, the payment of which is sought to be proved, in order that he may prepare to meet the defense."

It was the contention of appellants that none of the payments made during said period of more than two years were made on note No. 5. They contended that the payments, evidenced by the receipts introduced in evidence, were made on other notes theretofore surrendered to appellees and on notes 3 and 4. Notes 3 and 4 were due prior to No. 5, but No. 5 was alleged by appellees, and found by the jury to have been paid, although appellees admitted that the two prior notes, Nos. 3 and 4 of said series, had not been paid. Appellants contended that the writing on each of said receipts stating that the payment evidenced thereby was to be applied on note No. 5 was in each instance written thereon after the signature of the assignor of the note, C. C. Morgan, was affixed thereto. It is evident, if appellants' contention be correct, they could not have anticipated the defense testified to and

have prepared themselves to meet the issue. We are of the opinion that the special exception to the plea of payment should have been sustained, and that, under the circumstances disclosed, the introduction of the testimony with reference to payments, over proper objection made by appellants, was error.

In 32 Tex.Jur. 699, it is said: "* * * the plea should clearly and distinctly set forth the facts constituting payment and allege the date thereof. If the payment is a conclusion of law from a certain state of facts, such facts should be specially alleged."

"In Texas (1) where the payment made in installments is relied upon, a bill of particulars must be filed. Hahn v. Broussard, 3 Tex.Civ.App. 481, 23 S.W. 88. (2) Where defendant does not seek to prove payment in items, a bill of particulars need not be filed. Able v. Lee, 6 Tex. 427; Holliman v. Rogers, 6 Tex. 91." 48 C.J. 670, footnote.

Also see May v. Taylor, 22 Tex. 348, 349; Vance v. Claiborne, 39 Tex. 398, 399; Kotwitz v. Wright, 37 Tex. 82; Nugent v. Martin, 1 White & W.Civ.Cas. Ct.App. § 1173; Eastham v. Patty, 29 Tex. Civ.App. 473, 69 S.W. 224; Gray v. McFarland, 29 Tex. 163; Wooley v. Bell (Tex.Civ.App.) 68 S.W. 71; Lamm & Co. v. Brannon (Tex.Civ.App.) 244 S.W. 256.

This opinion should not be understood as holding the evidence of payment was inadmissible, regardless of the question of whether the plea of payment was subject to special exception. The question of whether in the absence of special exception the evidence of installment payments would be inadmissible we find it unnecessary to decide in view of the conclusion that the special exception was improperly overruled.

Appellants' witness was required to testify that he had been indicted for arson, bribery, and theft. The evidence that said witness had been indicted was objected to as an improper attempt to impeach a witness in a civil case by proof of indictment. The witness was an important one for appellees and the one upon whom they necessarily depended to refute evidence of payment of note No. 5. Unquestionably proof that the witness had been indicted several times for bribery, arson, and theft was calculated to injure the appellants and cause the jury to disbelieve his testi-

mony with reference to that vital question in the case.

We understand the rule to be that in the trial of a criminal case a witness may be impeached by proof that he has been indicted for a felony, or a misdemeanor involving moral turpitude. However, it is our understanding of the law that a witness in a civil case may not be impeached by proof of indictment, but to so impeach him, or discredit his testimony, proof must be made that the witness has been convicted of an offense involving moral turpitude. (The witness had not been convicted.) There is an exception to the last-stated rule; that is, proof of such a charge in a civil case is admissible when the witness admits that he is guilty of such charge. (There was no such admission in this case.) The admission of such testimony over the objection of appellants was error. Texas Law of Evidence by McCormick & Ray, § 313; Kennedy v. International-Great Northern Ry. Co. (Tex.Com.App.) 1 S.W. 2d 581; Texas & N. O. Ry. Co. v. Parry (Tex.Com.App.) 12 S.W.2d 997; White House Lumber Co. v. Denny (Tex.Civ. App.) 94 S.W.2d 241.

Appellants assign as error the action of the court in refusing to render judgment for appellants on notes Nos. 3 and 4, contending that the evidence fails to show that said notes were barred by limitation. The last of said series of notes was due November 18, 1930. None of said notes were barred by limitation until four years after the maturity date of the last note of said series, to wit, note No. 5. Article 5520, as amended Acts 1931, 42d Leg. p. 230 c. 136, § 2 (Vernon's Ann.Civ.St.art. 5520); Citizens' Nat. Bank of Hillsboro v. Graham, 117 Tex. 357, 4 S.W.2d 541. Suit was filed thereon November 17, 1934, the day before said notes would ordinarily have become barred. The filing of said suit, with instructions by appellants' attorney to the clerk not to issue citation thereon, coupled with the finding of the jury that appellees had not agreed with said attorney to waive citation, was insufficient to stop the running of limitation, and under such situation and finding of the jury the three notes sued on would ordinarily be barred by limitation the day after the filing of said suit. Phillips v. Wilson (Tex.Civ.App.) 225 S.W. 406 (error ref.).

But appellants contend that since the notes were payable to Bell Morgan, wife of C. C. Morgan (the latter having assigned said notes to appellants), and it having been shown that Bell Morgan died in 1932, that by virtue of the provisions of article 5538 limitation ceased to run until twelve months after her death, in the absence of proof by appellees that her administrator or executor sooner qualified. If this contention be correct, then said notes would not be barred by limitation. However, article 5538, providing for the cessation of the running of limitation against the cause of action for twelve months after death, or until a legal representative has qualified, applies to a person "in whose favor there may be a cause of action." Although the notes were payable to Bell Morgan, the evidence does not disclose that the notes were her separate property. We think the right of action on said notes was in the husband. The presumption is that the notes were community property, although payable to the wife. If community, suit on said notes could have been brought by Morgan with or without the consent or joinder of his wife. Under such situation the statute of limitation would run against the notes. 23 Tex.Jur. 349; Wells v. Cockrum, 13 Tex. 127; Rice v. Mexican Nat. Ry. Co., 8 Tex.Civ.App. 130, 27 S.W. 921; Western Union Tel. Co. v. Kerr, 4 Tex.Civ.App 280, 23 S.W. 564; Rogers v. Smith (Tex. Civ.App.) 31 S.W.2d 871; Bond v. Dugat (Tex.Civ.App.) 81 S.W. 736.

However, the case was not tried on such theory. The facts relative to the last-mentioned contention of appellants were not pleaded in avoidance of the statute of limitation. If the facts incidentally shown were sufficient to support the conclusion that the notes were the separate property of the deceased wife, we would not be authorized to render judgment for appellants on notes Nos. 3 and 4. But with reference to the rights of appellees we have considered whether (although reversible error otherwise appears) we should affirm the judgment because right on the theory that the cause of action on the notes was in the husband, the notes presumptively being community property, and therefore the facts disclosed that all the notes were barred by limitation. Under such situation we do not feel authorized to conclude that thereby the errors discussed were harm-

less. We think justice best subserved by permitting a decision of the determinative facts by the trial court upon proper pleadings and evidence relative to such controlling issues, instead of having same determined in this court upon a presumption.

For the errors discussed, the judgment of the trial court is reversed and the cause remanded.