Lipscomb, J.
In striking out the plea of payment “as being- defective under tlie statute,” it is presumed tlie judge liad reference to tlie second section of the act of 1840, allowing discounts and set-off. (Hart. Dig., art. 607.)
“ That in every action in which a defendant shall desire to prove any payment or set-off lie shall flic with his plea an account stating distinctly the nature of such payment or set-off, and the several items thereof, and on failure to do so lie shall not be entitled to prove before the jury such payment or set-off unless tlie same be so plainly and particularly described in the plea as to give the plaintiff full notice of tlie character thereof.”
If the judge supposed that want of a distinct statement of tlie manner in which payment was made accompanying the plea made it so defective as to justify striking it out, I apprehend lie misconceived the true construction of the statute. In my opinion such omission in no manner affected the formality of the plea, and no question could be raised as to its sufficiency merely as a plea of payment. If the defendant offered evidence of payment under such plea., tlie question then would arise whether the evidence so offered could be received, because it liad not been sufficiently and distinctly stated, either in the plea or an accompanying statement. I apprehend, however, that if tlie payment had been direct in money at the time stated in the plea to tlie legal holder of the note, such fact could have been given in evidence under the jilea of payment as pleaded. If the payment, however, was a conclusion of law from a certain state of facts, then those facts, it seems, should be specially alleged in the plea. Again, if the jilea had been defective under the statute, and not altogether bad,'it was not the proper mode of taking advantage of such defect. It ought not to have been by motion, but by exceptions pointing out the particular defects in it.
In ruling out tile testimony of tlie payment made by James IT. Grace about the 1st of April, 1842, to Battle, of the two notes sued, and also the declaration of tlie said Grace as to his having paid tlie notes, and as to his being Clio real holder of tlie notes sued on, the judge is believed to have erred. The judge was, no doubt, influenced by tlie fact that there was no plea standing of payment. But then there was Hie special plea showing that Grace was tlie real owner aud party in interest in the suit. And there was also the jilea of the general issue, usually called with us the general denial. To establish the truth of tlie sjieeial pica, which had in view tlie set-off alleged to be due from Grace to (he defendant, there surely could be no better evidence than that of Battle, who swore that lie was the holder and owner of the notes sued on, and that about tlie 1st of April, 1812, Grace paid him the amount aud be delivered them to him. No legal objection can be perceived against the admissibility of this evidence. It fixed the interest in tlie notes, if any remained after such payment, in him, and his declarations showed that lie was the interested jiarty at the time of the commencement of tlie suit, and that Rogers, the named plaintiff, was only his agent. And this would have let in any debt due from Grace to tlie defendant as a set-off. (Duggs v. Rockwell, 11 Wend. R., 504; Tuttle v. Bebee, 8 Johns. R., 152; Thompson v. Cartwright, 1 Tex. R., 172.)
There, is another aspect in which the rejected evidence, or part of it at least, ought to have been' received. It will be recollected that the notes sued on in Lilis case were the joint notes of the defendant, Holliman, Grace, and *49 O’Neal. The record does not disclose whether the two last named were securities o£ the former or not; bat to put it on the footing, that Grace put it on himself in speaking of the payment of the notes, which testimony was ruled out by the court, that he had paid the notes as the security of Holliman, such payment amounted to an extinguishment of the original liability, and no suit could be maintained on the notes in the name of either Grace or his agent, Rogers. Grace would have a right of action against Holliman for the money of the amount paid, but not founded on the notes, because they had been paid off and the debt secured by them extinguished. The right of action would liave been founded on,an implied assumpsit, to which there could have been no other party plaintiff hut the security, Grace, 'who had paid the money. Rogers was not the proper party even at law, because it was as holder of the notes alone that he could he permitted to be a nominal plaintiff. They having been extinguished by operation of law on their payment, he could not be a proper party plaintiff', the implied assumpsit not being assignable. Ilis right of. action was derived from the notes. If they liad been extinguished before suit, lie liad no right at all. These are well-established principles of law. (Garlock v. Geortner, 7 Wend. R., 198.)
Should it be said that a defect of parties can only be taken advantage of by ¡ilea in abatement, tiie answer is that the general rule that exceptions to parties should be taken advantage of by a plea in abatement, giving to the party a better writ, is subject to exceptions; and one of these exceptions is that a defendant may take advantage of such defect in a party plaintiff on the trial, if it should appear from the evidence, although not pleaded. Not so, however, as to a want of proper parties defendant. Tiffs the defendant must show by liis plea and give the names of the parties that should liave been joined with him. If, however, the evidence went to show that the plaintiff in the suit had not merely presented his right defectively, hut that he liad no right at ail, in any form of presentation, it would seem that it was admissible under the plea in bar.
We will now proceed to the last point; that is, to the charge given and the charge refused by the court on ilie trial of tiffs case in the court below. Both are believed to present the single proposition that if the notes offered in evidence by way of set-off by the defendant were barred by the statute of limitations before the commencement of this suit, they could not bo a valid and legal set-off. This, as a common-law proposition, it is believed, cannot he .successfully controverted, because to make it a valid set-off it must he a valid subsisting debt due from the plaintiff to the defendant at the time suit was brought. Now, if the debt was barred l>y the statute of limitations, it was not .a valid subsisting debt due. (2 Cow. R., 139; 1 Murph. R., 353.) Some confusion lias arisen on tiffs subject by confotmdiug compensation with set-off. The former is an acknowledged principle of the civil-law jurisprudence. Whenever there were cross-debts, as soon as it occurred, without the act of either party, or even their knowledge at the time of the existence of such cross-debts, it by operation of the law struck the balance between the parties. A demand so held was payment to the extent of its amount, and the balance defined the character of creditor or debtor. Tiffs principle is unknown to the common-law jurisprudence, except in the single instance of running accounts biff,ween merchants, and by analogy we felt ourselves authorized, in the case of Hall v. Hodges. (2 Tex. R., 323,) to extend it to miming accounts between parties not mercli.uits. Set-off' was also unknown to the common law. Each party was left to his cross-action for the collection of their respective debts. It is the creation of the statute. (Richardson, Judge, in Chandler v. Drew, 6 N. 11., 469.) Our statute authorizing discounts and set-offs does not introduce the civil-law doctrine of compensation : and as the common law is the law of our court in regulating rights and remedies accruing since the introduction of the common law, wo do not feel authorized to extend the principle of compensation beyond what we have heretofore done. We are therefore of opinion that the court below did not err in refusing to give the charge asked nor in the-charge *50 given; bnt that in striking out the plea’of payment and in rejecting the evidence referred to in this opinion there is error, for which* the judgment must be reversed and remanded.
Note 14. — 'Proof of payment of a debt in money is admissible under a general plea of payment; but proof of payment in land or any other commodity than money, cannot, if objected to, be received under such a plea. (Able v. Lee, post, 427.) As to form of plea see Marley v. McAnelly, 17 T., 658.
Note 15.- — The payee of a promissory note who indorses it, and afterwards pays and takes it up, stands with reference to the makers in the same attitude as if he had never parted with it; his remedy being upon the note, and not upon an account for money paid to the use of the maker. (Williams v. Durst, 25 T., 667; Sublett v. McKinney, 19 T., 438.).
Judgment reversed.