## M. R. TUTT vs. W. T. THORNTON.
### SUPREME COURT, AUSTIN TERM, 1882.

*Promissory Note—Effect of Change.*—To affect the validity of a note, the alteration, if such be made, must be of some material matter, that is, the alteration must be in such particular as would change the form of the obligation, confuse the evidence or in some way affect the obligation of the parties to the instrument.

Where A. makes a note and it is endorsed by B. and then goes into the hands of a third party, to whom the amount thereof is paid by the surety, though the name of the surety may be found with a pen mark ran through it, the obligation to pay it is just the same, as the alteration is not material as between the parties to the suit.

The doctrine announced in Sublett vs. McKinney, 19 Texas, 438, concurred in, and the case of Holliman vs. Rogers, 6 Texas, 91, overruled.

Appeal from the District Court of Cooke county.

Opinion by Watts, J.

October 18, 1875, Thornton sued Tutt to recover the amount of a note dated April 19, 1871, for $450 payable to the order of Henry Heckler and signed by Tutt, (also another note not necessary to notice). Thornton wrote his name across the back of the note before its delivery to Heckler; subsequently he paid Heckler the amount of the note and it was transferred to him. Tutt an-

swered by plea of *non est factum* and other defenses not material to the disposition of this appeal. Upon the trial the execution of the note by Tutt was sufficiently established, but appellant insisted that the note had been materially altered, and that by reason thereof, the appellant was discharged. The alleged alteration consisted in a pen mark drawn through the name of Thornton on the back of the note.

The case was tried July 12, 1876, and resulted in a verdict and judgment against Tutt for $805.22 from which this appeal was taken. The errors assigned amount to this ; that the court erred in not holding the alteration material and appellant thereby discharged.

To affect the validity of a note the alteration complained of must be in some material matter, that is, it must be in such particular as would change the form of the obligation, confuse the evidence, or in some way affect the obligation of the parties to the instrument. Read vs. Roark, 14 Texas, 330; Muckleroy vs. Bethany, 23 Texas, 163; Daniels on Negotiable Instruments, vol. 2, page 363, etc.

Here the erasing of the name of the appellee from the back of the note is claimed to be such an alteration as would discharge the appellant.

There is nothing in the record showing when or by whom the pen line was drawn through the name. Thornton testifies that he did not know when or by whom it was done.

In England the doctrine is maintained that every material alteration of the instrument, it matters not by whom made, will avoid it.

Such is not the law in this country, for as well said Mr. Daniels, "the term alteration in this country is understood to signify a material change in the contract by a party thereto, and no spoilation will avoid a bill or note, being the act of a stranger, unless it be so great as to render the words unintelligible or uncertain, in which case it is regarded as a virtual destruction of it." Daniel on Negotiable Instruments, page 349.

There is no necessity of applying that doctrine to this case. The note was executed by Tutt, payable to Heckler ; at the time of inception and before delivery, Thornton wrote his

name across the back of it, assuming thereby the obligation as surety for Tutt, as shown by the evidence. Subsequently Thornton paid to Heckler the amount of the note and the latter transferred it to him ; the note found in the record (which is the original), shows that a pen line had been drawn through Thornton's name. Now accepting this as an erasure, wherein does it increase, diminish, or in any way whatever, affect Tutt's obligations. He was the principal upon the note ; the primary obligation to pay it was upon him, and that obligation was in no way increased or diminished or otherwise affected by reason of Thornton's being surety upon the note, his obligation to pay it is just the same whether Thornton's name was or not upon the back of the instrument. From this conclusion it follows that the alteration complained of was not material as between the parties to this suit.

However, if we were to follow the case of Holliman vs. Rogers, 6 Texas, 91, the judgment of the court below would have to be reversed and the case dismissed, on the ground that when Thornton as surety paid to Heckler the amount of the note, that it was thereby extinguished and he could not maintain an action upon the same. That case in the judgment of a majority of the commission is not in harmony with the decision in the case of Sublett vs. McKinney, 19 Texas, 438, where it is in effect held that the payment of a note by a surety, as between him and the principal is not an extinguishment of the same, and his right of action against the principal would be upon the note and not upon the implied assumpsit.

A majority of the commission concur in the doctrine announced in the latter case and are of the opinion the judgment ought to be affirmed.

Report of Commissioners of Appeals examined, their opinion adopted and the judgment affirmed.