W. D. BELL ET AL. v. P. L. GAMMON ET AL.

(No. 2930.)

APPEAL from Ellis County.    Opinion by HURT, J.

W. F. SHORT, counsel for appellants.

LANCASTER & MAXWELL, counsel for appellees.

§ 404. *Chattel mortgage; purchaser with actual notice of, takes subject to, although not recorded; case stated.* Appellees were the sureties of W. D. Bell upon a note for $522.50, payable to one Conner. When the note ma-

tured said sureties paid the same to Conner, and he assigned the same to them. Said Bell, who resided in Taylor county, executed to appellees a chattel mortgage on two horses to secure them against loss by reason of their said suretyship. The horses were in Ellis county, and subsequent to the execution of said mortgage had been levied upon and sold by the sheriff of said county, and one Ware purchased them at said sale with actual and full knowledge of said mortgage. Said mortgage had not been recorded in Taylor county, the county of the mortgagor's residence. Appellees sued W. D. Bell and said Ware and recovered judgment against said Bell for the full amount of said note, interest and costs, and a foreclosure of the chattel mortgage as against Ware. *Held:* Ware having actual notice of the mortgage at the time he purchased the horses could not defeat the same without showing that he was subrogated to the rights of some person who was not affected by said mortgage, notwithstanding said mortgage was not recorded in Taylor county, where, under the statute, it should have been recorded. Failing to show such subrogation, he took the property subject to the mortgage.

§ 405. *Surety may recover the full amount of the debt discharged by him.* A surety is entitled, upon the payment of the debt of the principal, not only to have the full benefit of all the collateral securities, both of an equitable and a legal nature, which the creditor has taken as an individual pledge for his debt, but he is entitled to be substituted as to the very debt itself to the creditor, and to have it assigned to him. [Sublett v. McKinney, 19 Tex. 438; Tutt v. Thornton, 57 Tex. 35.]

November 28, 1888.                    Affirmed.