MCCAVICK v. MCBRIDE.　(No. 7569.)

(Court of Civil Appeals of Texas. Dallas. Nov. 18, 1916.)

LIMITATION OF ACTIONS �köⁱ28(2) — PAYMENT BY SURETY—RECOVERY FROM PRINCIPAL.

Where the accommodation surety, on demand of the payee, pays the note, the principal obligation is discharged, and he can recover from the principal only on the implied promise, and not on the note, and his action is barred after two years under Vernon's Sayles' Ann. Civ. St. 1914, art. 5687, stating the two-year period of limitations in actions on debts not evidenced by written contract.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 135, 142; Dec. Dig. ⊫ 28(2).]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Thomas McBride against P. J. McCavick. Judgment for plaintiff, and defendant appeals. Reversed, and cause dismissed.

Walter M. Nold, of Dallas, for appellant. Davis, Johnson, Golden & Handley, of Dallas, for appellee.

RASBURY, J. Appellee sued appellant upon a promissory note, and upon trial before jury recovered verdict upon which judgment was awarded for the principal and interest of the note and for certain attorney's fees therein provided for in case of suit. From such judgment this appeal is taken.

The undisputed facts and those deducible from the verdict and necessary to a disposition of the issues presented on appeal are these: On and prior to September 15, 1905, appellee and appellant resided in Waterloo, Iowa. Prior to or on said date appellee met appellant upon the streets of Waterloo, who advised appellee that he had secured a contract to construct a schoolhouse in one of the

Dakotas. Appellant also explained to appellee that he was a stranger in Dakota and was desirous of borrowing $1,000 to deposit in the bank there as a basis of credit, etc., but that the Waterloo bank had declined to lend him that sum on his obligation alone. He requested appellee to sign a note with him, which appellee did. The note so signed by appellee is dated September 15, 1905, is in favor of the Leavitt & Johnson National Bank of Waterloo, for the principal sum of $1,000, is payable on demand, draws 7 per cent. per annum interest, and provides for reasonable attorney's fees in event of suit thereon. The money derived from the note was received and used by appellant, and appellee was only his surety for payment. Appellant having failed to pay the note, and the bank demanding payment, appellee on October 8, 1908, paid the bank $1,070, the amount of the principal and one year's accrued interest. When the money was paid by appellee, the bank indorsed the note to appellee without recourse against it. Appellee's purpose was to purchase the note, and the bank's purpose was to transfer same to him in order that appellee might occupy the position of the bank and be subrogated to its rights against appellant thereon without recourse against the bank. After so acquiring the note, appellee was unable at once to locate appellant, but finally located him in Kansas City, where appellee visited him and demanded payment of the note. It was not paid. Subsequently appellant took up his residence in Texas, and on March 7, 1911, wrote appellee a letter from Ft. Worth, Tex., inclosing $500 to be applied to the note, and in substance acknowledging the justness of the debt and expressing the hope that he would be able to pay the balance owing during the current year. The balance remaining unpaid, appellee on December 2, 1913, instituted the present proceeding.

The substance of the allegations of appellee's petition bearing on the issues presented on appeal is that the note was executed in the manner detailed in our statement of the facts, and that he acquired same as therein stated, and is entitled to recover thereon as the owner; that the letter written by appellant on March 7, 1911, renewed the original promise as of that date, and as a consequence his right of action on the original promise as evidenced by said note would not be barred until four years from and after said date under the laws of Texas. Incidentally in the trial court the issue was made that the laws of Iowa, where the note was executed, controlled the issue of limitations, but the claim is abandoned, or at least not presented, in this court. Appellee prayed for judgment for his principal debt, interest, and attorney's fees, and the court in presenting appellee's case so instructed the jury, and the jury so found.

It will not be necessary to detail appellant's pleading, since all issues raised by appellant in his brief are supported by appropriate pleading.

Appellant's first and only assignment of error complains of the refusal of the court to direct peremptory verdict for appellant. The action of the court in refusing so to direct verdict is assailed on the ground that it appears from the evidence without contradiction that appellee's right of action was barred by the two-year statute of limitation, which provides, among other limitations, that actions for debt, where the indebtedness is not evidenced by a contract in writing, shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward. Article 5687, Vernon's Sayles' Civ. Stats.

The claim is made that it appears from the evidence that appellee was surety for appellant, and hence, when appellee paid the note to the bank, the debt was extinguished, and appellee's right of action was, not upon the note, but upon the implied promise arising out of the relation of the parties that appellant would reimburse appellee for the amount so paid. It does appear from the evidence without dispute that when appellee signed the note he did so as surety for appellant, and, when the relation of principal and surety is established, the rule stated does apply. In the past cases in our Supreme Court were in conflict on the question. Faires v. Cockerell, 88 Tex. 437, 31 S. W. 190, 28 L. R. A. 528. And in the case cited the Supreme Court as then constituted recognized the conflict and assumed to settle the question upon authority and principle. After much research and consideration that court reached the conclusion:

"That when the creditor has no security, * * * and the debt itself holds no lien upon property, nor is for any reason entitled to priority over other debts of the debtor, the payment of the debt by a co-obligor or surety satisfies the original debt, and the party paying has his right of action against the others upon the implied promise raised by law for reimbursement," etc.

Such implied promise, since it obviously does not arise as matter of law from the contract, has its support and origin in the broad principle of equity that it would be fair and just that proportional contribution should be had between the sureties in such cases and indemnification or reimbursement on the part of the principal. Counsel for appellee does not deny the correctness of the rule declared by the Faires Case, but concedes it when the relation of principal and surety is once established. But it is asserted that it appears from the evidence without contradiction that appellee did not satisfy or extinguish the debt, but purchased the note from the bank, and thereby became in law the owner of the note and entitled to all the rights and remedies against appellant that the bank had when it acquired the

note. The note was executed and afterwards acquired by appellee in the manner and for the purpose we have detailed. Hence his status, both before and after acquiring the note, is a question of law arising upon the undisputed facts. He, in fact, signed the note as surety, and the jury so found. When called upon to pay the note to the bank, he was obliged to do so, because as to the bank he was primarily liable; yet he remained as between himself and the appellant a surety. His status, as between himself and appellant as such, was fixed as matter of law when it was disclosed as matter of fact that he was an accomodation maker and entitled to reimbursement from his principal. When he paid the note he did so because as surety he was bound to do so. It is said that:

"The action by the surety against his principal for indemnity is brought on the contract implied by law, and this is true notwithstanding the fact that a formal assignment of the claim has been made by the creditor either to the surety or to a third person. The form of the action is assumpsit for money paid or a special action on the case; the claim for reimbursement being a purely legal one, enforceable only by action, in the absence of special circumstances." 32 Cyc. 261.

Such was the holding in the Faires Case when it departed from and overruled the holding in Tutt v. Thornton, 57 Tex. 35. The facts in that case are practically identical with those in the instant case, and the court there held that the payment of a note by a surety is not, as between himself and the principal, an extinguishment of the debt, and that the surety's right of action is upon the note, and not upon the implied promise to indemnify. Thus our court of last resort, in overruling Tutt v. Thornton, supra, swept aside every obstacle to the rule regarded by it as sustainable on authority and principle that in case of joint agreements to pay a sum of money the contract was extinguished when either joint obligor paid the money, and hence the right of action was upon the implied promise to reimburse, and not upon the note or contract which had been extinguished. Such being the rule in our court of last resort, reference to the holdings of other courts seems unnecessary, although, with one exception, all cases we have read from other jurisdictions observe the same rule. It may also be mentioned that our statutes regulating the rights and remedies of principal and surety seem to recognize the rule we have stated and provide ample protection for the surety in such cases. Appellee's suit is upon the note, and not upon the implied promise to indemnify, since he sought and secured judgment in the court below upon the note, with interest at the rate provided therein, and for attorney's fees, while under the rule in this state he would only have been entitled to recover what he actually paid, with legal interest therein. About the character of the suit,

however, there is no issue, since appellee concedes that it is upon the original joint obligation as revived, and maintains such was his right. As we have shown, however, the rule is otherwise, and from which it results that appellee never did have any cause of action upon the note and cannot recover thereon. It therefore becomes our duty to reverse the judgment and order the cause dismissed by the trial court.

Judgment reversed, and cause dismissed.