COMMERCIAL CREDIT CO. v. GILES.
(No. 1983.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 2, 1918.)

1. ALTERATION OF INSTRUMENTS ⚌12—
NOTES GIVEN AS PART OF ORDER—SEPARATION BY PAYEE—AUTHORITY.

A contract order for the purchase of goods payable by a series of negotiable notes, providing that the payee might detach the notes from the order, being consistent, contemporaneous agreement, authorized the payee to detach the notes.

2. BILLS AND NOTES ⚌47—NOTES ATTACHED TO ORDER FOR GOODS—CONSTRUCTION.

A mere recital in a contract order that the purchase price of the goods might be paid in notes attached thereto did not make the payer's obligation a conditional one.

3. ALTERATION OF INSTRUMENTS ⬤⟲2, 16—
"MATERIAL ALTERATION"—EFFECT.

Any material alteration of an instrument
destroys its obligation and renders it unen-
forceable, and any alteration causing the in-
strument to speak differently in legal effect from
that which it spoke originally is a "material
alteration."

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Material
Alteration.]

4. ALTERATION OF INSTRUMENTS ⬤⟲9 — DE-
TACHING NOTE FROM CONTRACT ORDER—MA-
TERIALITY.

The payee's detachment of a series of ne-
gotiable notes from a contract order permitting
their detachment was not a material altera-
tion rendering the notes void.

5. BILLS AND NOTES ⬤⟲365(1)—LIABILITY OF
MAKER—INNOCENT HOLDER.

The maker of negotiable notes attached to
a contract order permitting their detachment
by the payee would be liable to an innocent
holder even though the order contract and notes
were revoked in the hands of the payee and it
could not maintain an action thereon against
the maker.

6. BILLS AND NOTES ⬤⟲363 — ACTION ON
NOTE—CONSIDERATION—RECOVERY.

In action on notes originally attached to a
contract order and detached by the payee, as
permitted by the order, and sold to plaintiff,
an innocent holder, for 76 per cent. of the face
of the notes until the remainder should be paid
by the maker, the holder's recovery should be
limited to 76 per cent. of the face of the notes.

Appeal from Fannin County Court; S. F.
Leslie, Judge.

Action by the Commercial Credit Company
against Ellis Giles. Judgment for defend-
ant, and plaintiff appeals. Reversed, and
judgment rendered for plaintiff.

The appellant, a corporation, sued the ap-
pellee on a promissory note signed by him
and made payable to the order of the Partin
Manufacturing Company. The appellant
claimed that it was an innocent purchaser of
the note in due course of trade, before ma-
turity, and for value. The appellee answered
by denial, and pleaded a material alteration
of the note, failure of the consideration, can-
cellation, and fraudulent circulation of the
same by the Partin Manufacturing Company,
and notice to the appellant before institution
of the suit that the note was fraudulent,
without consideration, and void, and appellee
would not pay it. The appellant made reply
that he was an innocent purchaser, and with
a plea of estoppel. There was a trial before
the court without a jury, and judgment was
entered in favor of the appellee.

The court made findings of fact, here adopt-
ed, substantially as follows: That on April
13, 1916, the appellee executed a written or-
der to the Partin Manufacturing Company,
having its general office at Memphis, Tenn.,

for certain merchandise to be delivered to
him at Leonard, Tex. The order further con-
tained an agreement on the part of the Partin
Manufacturing Company to deliver the goods
and to provide certain printed and advertis-
ing matter intended to increase the sales of
the appellee, a merchant, and to guarantee
an increase in the sales and collections of ap-
pellee to the amount of $10,000 in the next
12 months, and to pay 9 cents on every dol-
lar that the appellee fell short of that amount
of increase. It was provided:

"3. Terms: All the above-named goods to be
included in the purchase price of $900.00
Three per cent. off cash in ten days. By spe-
cial agreement the above can be paid in six
installments of one hundred and fifty dollars
($150.00) each, in three, four, five, six, seven
and eight months if the notes attached hereto
properly signed accompany this order. The at-
tached notes are executed and tendered in set-
tlement of this order, and Partin Mfg. Co. is
authorized to detach same on acceptance of this
order. If order is not accepted notes are to
be canceled and returned to purchaser.
"4. In consideration of the special method
set forth in your plan and the terms and agree-
ment herein contained, this order cannot be
countermanded, but to stand as given on day
and date hereof. Any verbal or written agree-
ment not embraced herein will not be binding
on Partin Mfg. Co. This order is given with a
full and complete understanding of the condi-
tions herein and after reading same."

Following after the signature of the appel-
lee, and on the same sheet of paper contain-
ing the above order and agreement, was the
note sued on and five others of the same de-
nomination signed by the appellee and pay-
able to the order of the Partin Manufacturing
Company in three, four, five, six, seven, and
eight months, respectively, after date. All
of the notes bear date of April 13, 1916. At
the time the notes were signed by the appel-
lee, they were all contained on one sheet of
paper, and there were no lines nor perfora-
tions between said notes; but the order and
the agreement and the notes were all on the
same sheet of paper. The order and agree-
ment and the notes were signed by the appel-
lee with the understanding that they were
to be forwarded to the Partin Manufacturing
Company at Memphis, Tenn., by its sales-
man then present at Leonard, Tex., for ac-
ceptance or rejection. But the appellee
countermanded and revoked the order and
agreement before acceptance by the Partin
Manufacturing Company of said order and
agreement and notes. The court further
finds:

"That after said contract and said notes were
placed in the hands of the Partin Manufactur-
ing Company, and after the Partin Manufactur-
ing Company had notice of the cancellation of
said contract and notes by said defendant Ellis
Giles, said Partin Manufacturing Company cut
said notes from the sheet of paper in which they

were printed so as to separate the notes from each other and from the contract to which they were attached, and Partin Manufacturing Company fraudulently circulated the note sued on.

"That after said notes were so detached, and prior to the maturity of same or any of same, said Partin Manufacturing Company negotiated the note sued on to the Commercial Credit Company for a valuable consideration, said Commercial Credit Company not having any actual notice of any defect or vice in said notes, said Partin Manufacturing Company guaranteeing the payment of said note and endorsing the same over to said Commercial Credit Company.

"That Partin Manufacturing Company and the plaintiff are both corporations, duly incorporated, and neither of such corporations having a domicile in the state of Texas. That defendant prior to the institution of this suit gave notice to plaintiff that he would not pay the note sued on for the reason that the same was fraudulent and without consideration. That said Partin Manufacturing Company is solvent. That said Commercial Credit Company during the year 1916 purchased three batches of notes from the Partin Manufacturing Company as follows: Approximately $10,000.00 on April 3, 1916, another lot of about $11,000.00 on April 24, 1916, approximately $15,000.00 on May 2, 1916, the notes of Ellis Giles, including the ones sued on, being included in the last transaction. Of the first lot of paper purchased as aforesaid, 81 per cent. has been paid prior to the 19th day of September, 1917, of the paper purchased April 24, 1916, which included the note sued on, 61 per cent. has been paid prior to September 19, 1917. All of the paper sold by the Partin Manufacturing Company to said Commercial Credit Company was disposed of on the following terms and conditions: 76 per cent. of the amount of said notes were paid in cash by said Commercial Credit Company, and the balance of 24 per cent. being withheld by said Commercial Credit Company to be paid to the Partin Manufacturing Company only upon payment to the Commercial Credit Company of the face amount of the notes purchased from it. I further find that no payments further than the said 76 per cent. has ever been paid."

Thos. P. Steger, of Bonham, and J. G. McGrady, of El Paso, for appellant.

Cunningham & McMahon, of Bonham, for appellee.

LEVY, J. (after stating the facts as above). Although it was determined as a fact that the appellant purchased the note before maturity, for a valuable consideration, without notice of a fraud, the court concluded, as a matter of law, that the detachment and separation of the note sued on were void, and that the appellant was not entitled to have judgment against the appellee, who was the maker of the note. Appellant challenges this conclusion and asks the reversal of this judgment of the court. There does not appear any erasure or addition or subtraction of terms of the notes. The facts relied on to show alteration are only that the notes were

cut and detached from the same piece of paper upon which the order contract was written, and then circulated. The contract order referred to the notes in the following words only:

"3. Terms: All the above-named goods to be included in the purchase price of $900.00. Three per cent. off cash in ten days. By special agreement the above can be paid in six installments of one hundred and fifty dollars ($150.00) each, in three, four, five, six, seven and eight months if the notes attached hereto properly signed accompany this order. The attached notes are executed and tendered in settlement of this order, and Partin Mfg. Co. is authorized to detach same on acceptance of this order. If the order is not accepted notes are to be canceled and returned to purchaser."

The notes are worded as follows:

"$150.00          P. O. Leonard; State, Texas.
                        "Date, Apr. 13th, 1916.

"Eight months after date for value received I promise to pay to the order of Partin Manufacturing Company, Incorporated, one hundred and fifty dollars ($150.00) at First State Bank, Leonard, Texas.         [Signed]  Ellis Giles."

[1-4] It is evident from the face of the contract order that the maker contemplated that the attached notes would, in a certain event, be detached from the contract order; and it appears from the face of the note that it is a negotiable promissory note. The contract order and the notes together appear simply contemporaneous agreements, and with no terms or conditions in the contract order qualifying, varying, or affecting the terms of the notes, and there is no repugnancy between them. And the separation of the notes from the contract order presented no different situation, either in fact or in legal effect, than, for illustration, had the notes been written upon a distinct and separate sheet of paper and pinned to the order contract. The mere recital in the contract order that the purchase price of the goods can be paid in notes does not make the obligation a conditional one. It is well settled that any material alteration of an instrument destroys the obligation of the contract and renders it unenforceable; and unquestionably any alteration which causes the instrument to speak different, in legal effect, from that which it spoke originally, is a material alteration. 3 Page on Contracts, § 1511; 3 Elliott on Contracts, § 2012. But, on the contrary, if there is no such change in language or meaning, and the legal validity and operation of the instrument, or its apparent regularity, is not affected, then there is not a material alteration rendering the instrument void. 2 Daniel on Negotiable Instruments (5th Ed.) § 1398; 1 R. C. L. par. 4, p. 967; Tutt v. Thornton, 57 Tex. 35. And it is believed the facts of the instant case do not warrant the conclusion of law that there was such material alteration as rendered the notes absolutely void. The case of Spencer v.

Triplett, 184 S. W. 712, is, it is thought, distinguishable from this case. There the court stated that:

"The note, when construed in connection with the remainder of the contract, was not negotiable."

This construction implies that the court concluded from the record that the order to the Acme Sales Company contained agreements qualifying the terms of the note. And the authorities cited by the court show that in.the writing there were agreements qualifying the terms of the notes, and that their consequent separation legally affected and changed the liability of the maker of the notes. Therefore the facts therein would amount to an alteration and have that legal effect.

[5] The note not being void upon the contention of alteration, the maker would be liable to an innocent holder, as the court finds the appellant to be, although the order contract and the notes were canceled and revoked in the hands of the Partin Manufacturing Company, and the Partin Manufacturing Company could not maintain an action thereon against the maker. For, as said in Greneaux v. Wheeler, 6 Tex. 515:

"The title is derived from the instrument itself, and not from the title, which the party has who transfers it. The possession of the note gives the holder disposing power over the same. The note passes as a species of currency, without inquiry as to the title of the holder. It is immaterial whether the vendor be an attorney at law, or not; or whether he has obtained it * * * by fraud, by finding, or upon trust. The title of the transferee depends upon the possession of the vendor, but on none of the circumstances under which it was obtained. This possession gives him authority to sell; and if the buyer has acted in good faith, and paid a valuable consideration, his title cannot be impugned."

Appellee contends the judgment should be affirmed under the authority of Van Winkle Gin & Mach. Co. v. Citizens' Bank of Buffalo, 89 Tex. 147, 33 S. W. 862. It is believed that the facts here are essentially different, and that the same principle of that case does not apply here.

[6] It is concluded that the judgment should be reversed, and that judgment should be here now rendered in favor of the appellant; but, in view of the finding of the court that the appellant paid only 76 per cent. of the face of the note and contracted with the Partin Manufacturing Company not to pay the balance of 24 per cent. until that sum of money was paid over by the maker, a recovery, in the special facts of this case, may be allowed, it is thought, only to the extent of 76 per cent. of the face of the note. The costs of the trial court and of this court will be taxed against the appellee.