CARVER v. CALDWELL. (No. 8096.)

(Court of Civil Appeals of Texas. Dallas. Jan. 25, 1919.)

1. EVIDENCE ⬤➠423(6) — PAROL — NATURE OF OBLIGATION.

Parol evidence is always admissible, between signers and indorsers of negotiable instruments, to show the real character of the obligation intended to be assumed by them.

2. APPEAL AND ERROR ⬤➠183 — OBJECTIONS BELOW—FORM OF ACTION.

Though complaint, not objected to, alleges facts showing that plaintiff should have sued on an implied promise, and not on the note as he did, there is no fundamental error; the evidence in the record not sustaining the allegations.

Appeal from Hill County Court; R. T. Burns, Judge.

Suit by W. C. Caldwell against W. M. Carver and another. Judgment for plaintiff, and defendant Carver appeals. Reversed and remanded.

Collins, Morrow & Morrow, of Hillsboro, for appellant.

RASBURY, J. This is an appeal from a judgment in favor of appellee upon an ordinary negotiable promissory note for principal, interest, and attorney's fees. According to the allegations of appellee's petition, stated in substance, W. R. Watts, for value, executed and delivered the note sued on to appellant, Carver. Before maturity, Carver, for value, transferred same to the Hill County State Bank, by indorsing his name thereon and delivering same to said bank. Appellee also indorsed the note on delivery to the bank. The purpose of such transfer and delivery was to pay another note held by said bank, executed by Carver in favor of appellant, and by him transferred to said bank by indorsement and delivery. Watts failed to pay the note sued on at maturity, and appellee paid it off, and brought this suit thereon against appellant and Watts. Other matters not material were alleged.

Appellant denied generally the allegations of appellee's petition, and specially alleged that he delivered appellee the note sued on in payment of certain personal property and live stock, which appellee accepted without recourse on him, but subsequently, at the request of appellee, appellant accompanied him to the bank, where he was offering the note as collateral security, in order to establish the nature of the note and identify the maker, at which time the bank declined to accept same if appellant indorsed same without recourse, and thereupon at request of appellee and for his accommodation, and without consideration whatever, appellant indorsed same, with the understanding that appellee would not look to him for payment thereof, and by reason of which he was not bound thereon.

[1] The court, on the ground that it would by parol testimony contradict and vary the terms of a written contract, sustained special exception to the pleading setting up the defense just detailed, and such action on the part of the court constitutes appellant's first assignment of error. The court, in our opinion, erred. Parol evidence is always admissible between signers and indorsers of negotiable instruments to show the real character of the obligation intended to be assumed by them. Erwin v. E. I. Du Pont De Nemours Powder Co., 156 S. W. 1097, and cases cited. As between the signers and indorsers and one who acquired the note before ma-

turity, for value, and without notice, a different rule, of course, obtains, which it is unnecessary to elaborate, since there is no such issue here. According to the allegations of appellee's petition, both he and appellant indorsed the note when it was negotiated with the Hill County Bank. While appellant, according to the allegations of his answer, admits indorsing the note, he alleges he did so merely as an accommodation for appellee and without consideration. Thus a well-recognized defense was pleaded, and appellant should have been permitted to present any proof he had on that issue.

[2] Appellant also assigns as fundamental, or error apparent on the record, that it appears from appellee's pleading that he paid the note sued on to the Hill County National Bank as indorser, and that his right of action against appellant is based thereon, and that as a consequence the note was discharged, and the suit should have been upon appellant's implied promise to pay, and not upon the note. Appellant cites Faires v. Cockerell, 88 Tex. 437, 31 S. W. 190, 639, 28 L. R. A. 528, and McCavick v. McBride, 189 S. W. 795, which support the rule stated. Appellee does allege that both he and appellant were indorsers on the note sued on and that he was compelled to pay the amount to the bank by virtue of his indorsement. If the testimony in the record supported the allegation, it may be that the issue could be presented as fundamental error; but, while the pleading alleges that appellee indorsed the note when it was negotiated with the bank, the statement of facts, which consists alone of a copy of the note, does not disclose that appellee was indorser thereon, but, on the contrary, shows that appellant alone was an indorser. Appellant did not challenge the sufficiency of the pleading, or the right of appellee to sue on the note, and permitted the note to go in evidence without objection. Such being the condition of the record, the assignment presenting the issue of fundamental error is overruled.

Because of the action of the court in sustaining the exception to appellant's pleading, discussed under the first assignment of error, the judgment is reversed, and the cause remanded for another trial in consonance with the views herein expressed.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes